# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN ROBERT DEMOS, | ) | |
| Plaintiff, | ) | Civil Action No. 11-1045PITTSBURGH |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNIFORM CODE INSTITUTE, | ) | Magistrate Judge Baxter |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.     RECOMMENDATION

It is respectfully recommended that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 1] be denied and his complaint be dismissed pursuant to 28 U.S.C. § 1915(g), without prejudice to Plaintiff's right to re-open this case upon payment of the filing fee of $350.00.

### II.    REPORT

####    A.    Relevant Background

Plaintiff John Robert Demos, Jr., currently incarcerated at the Washington State Penitentiary in Walla Walla, Washington, presented this civil rights complaint against "The Uniform Code Institute." Plaintiff alleges that Defendant has violated his constitutional rights in numerous ways. Plaintiff seeks leave to prosecute *in forma pauperis* pursuant to 28 U.S.C. § 1915. ECF No. 1.

### B. The "Three Strikes" Provision of the Prison Litigation Reform Act

Section 804(g) of Pub.L. No. 104-134, enacted April 26, 1996, amended 28 U.S.C. § 1915 to provide:

> [i]n no events shall a prisoner bring a civil action ... under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in the court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g).

Plaintiff John Demos has been a prolific filer in this and other federal courts. At least three of Plaintiff's prior lawsuits have been dismissed as legally frivolous or for failure to state a claim: <u>Demos v. United States of America</u>, C.A. No. 10-104E (dismissed by this Court on the basis of the three strikes rule); <u>Demos v. Doe</u>, No. 100-cv-594 (N.D.Ga. Mar. 29, 2000); <u>Demos v. Hatlin</u>, No. 1:97-cv-1819 (N.D.Ga. Oct. 7, 1997); and <u>Demos v. Doe</u>, No. 1:04-cv-1684(N.D.Ga. Mar. 1, 1995). While federal courts have dismissed as frivolous several other cases brought by Plaintiff, only three strikes are needed to bar *in forma pauperis* status under 28 U.S.C. § 1915(g).

An indigent inmate may overcome the "Three Strikes Rule" if he can show that he is under "imminent danger of serious physical injury." <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d 307 (3d Cir. 2001) (interpreting imminent danger). <u>See</u> also <u>Brooks-Bey v. Schmerfelt</u>, 2011 WL 1398472, at *3 (M.D. Pa. March 21, 2011). Here, Plaintiff has not alleged such imminent danger.[1]

### III. CONCLUSION

Because of these prior frivolous dismissals, and because Plaintiff has not alleged that he is in imminent danger of serious physical injury, it is recommended that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 1] be denied and his complaint be dismissed

---

[1] It is a plaintiff's burden to prove entitlement to *in forma pauperis* status. <u>Robert v. Walls</u>, 2011 WL 1599652, at *1 (W.D. Pa. March 14, 2011) <u>citing</u> <u>White v. Gregory</u>, 87 F.3d 429, 430 (10th Cir. 1996).

pursuant to 28 U.S.C. § 1915(g), without prejudice to Plaintiff's right to re-open this case upon payment of the filing fee of $350.00.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation in accordance with the schedule established in the docket entry indicating the filing of this Report and Recommendation. Failure to file timely objections may constitute a waiver of appellate rights. See Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: August 15, 2011